NO. 07-12-0165-CR
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 AUGUST 15, 2012
 ______________________________

 DAMIEN HERNANDEZ CORTEZ,

Appellant

 v.

 THE STATE OF TEXAS,

Appellee
 _________________________________

 FROM THE 320th DISTRICT COURT OF POTTER COUNTY;

 NO. 62,862-D; HON. DON EMERSON, PRESIDING
 _______________________________

 Dissent from Denial of Motion for Rehearing
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
I respectfully dissent from the decision to deny Appellant's Motion for Rehearing of the panel opinion in Cortez v. State, No. 07-12-0165-CR, 2012 Tex. App. LEXIS 5484 (Tex.App.--Amarillo July 10, 2012, no pet. h.). Pursuant to that opinion, Appellant's appeal was dismissed for the failure to file a trial court certification in compliance with Rule 25.2(d) of the Texas Rules of Appellate Procedure. The opinion did indicate that we would reconsider that decision should a valid certification be filed within the period allowed for rehearing. Prior to issuing that opinion, this Court did notify the trial judge and the court clerk that "[t]he record does not contain a certification of the defendant's right of appeal signed by the defendant." (Emphasis in original). Accompanying Appellant's Motion for Rehearing is a certification signed by the defendant, albeit not signed by the trial judge. The majority is now prepared to deny that motion for rehearing because the certification does not include the judge's signature.
It is the mandatory duty of the trial court to enter a certification of the defendant's right of appeal each time it enters a judgment of guilt. Tex. R. App. P. 25.2(a)(2). This is an appeal of a judgment entered following a jury trial after a plea of "not guilty." It appears to me that the denial of Appellant's right of appeal on this hyper-technical interpretation of the Rules of Appellate Procedure is a waste of valuable judicial resources --- the very thing Rule 25.2 was designed to prevent. See Tex. R. App. P. 2 (allowing this Court to suspend the operation of a rule of appellate procedure to "expedite a decision," but not allowing suspension of any provision of the Texas Code of Criminal Procedure.) Because Appellant's right of appeal is apparent from the face of the record, I would grant the motion and reinstate Appellant's appeal. 

 Patrick A. Pirtle
 Justice
Publish.